IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mujtabaa L. Mubashshir, et al., | Case No. 3:10 CV 2501 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ernie Moore, et al., | |
| Defendants. | |

*Pro se* Plaintiff Mujtabaa Mubashshir, on behalf of himself and Gibreal Jallow, Michael Robert, Joseph Freeman, Marcus Mittchel, Eddy Copes, Jody Robinson, Amir Shabazz, De Andre Burton, and Levio Mack, filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore; North Central Correctional Institution ("NCCI") Chaplain Warren Burbury; NCCI Chaplain Jaquelyn Burn; NCCI Food Operations Director Patrick Omameh; ODRC Religious Services Administrator Garry Sims; NCCI Institutional Inspector Taggart Boyd; and Teresa Bell, Food Service Director of ODRC (Doc. No. 1). The Complaint alleges Defendants failed to accommodate religious practices and seeks injunctive and monetary relief.

## BACKGROUND

Plaintiff practices the "fiqh Hanafi school" of the Muslim faith, which he contends forbids the consumption of non-Halal meats (Doc. No. 1, p. 7). Pork is forbidden as part of his diet. In addition, Plaintiff claims he is prohibited from eating any meat which has not been ritually

slaughtered by a qualified Muslim reciting the name of Allah. To be qualified, the slaughterer must perform a purification rite of absolution prior to killing the animal. Plaintiff further claims his meals must be prepared only by Muslims who have achieved a state of ritual purity. He indicates he must not consume foods with yellow dye number 5, red dye number 40, gelatin, animal shortening, and certain oils. He contends the prison makes available to inmates a grape beverage and a fruit roll snack which contain red dye number 5. He claims it is a Muslim's duty to check all the ingredients used to prepare Islamic meals or abstain from eating those meals altogether. Plaintiff asserts the ODRC's failure to provide regular, nutritious meals consistent with his sincerely held beliefs places a substantial burden on the exercise of his religion because he is required to forego all meals.

Plaintiff also claims he is denied equal protection. He states Jewish inmates are provided with a Kosher diet that Defendants purchase from an outside vendor. He asks this Court for an order requiring Defendants to provide him with a diet that fully conforms to his religious beliefs and to award him monetary damages.

#### **ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364-65 (1982) (per curiam), this Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for failing to state a claim.

**Additional Plaintiffs**

Mubashshir purports to bring this suit on behalf of himself and nine other inmates. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654. A litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this

Court's jurisdiction. *See Steelman v. Thomas*, 848 F.2d 194, 1988 WL 54071 (6th Cir. 1988) (table case). Only Mubashshir's signature appears on the Complaint. Because he is not a licensed attorney, he cannot represent the other inmates. Consequently, only Mubashshir's claims are properly before this Court for consideration.

**First Amendment and RLUIPA**

The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." The First Amendment is applicable to the States by virtue of its incorporation by the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Inmates retain the First Amendment right to exercise their religion subject to reasonable restrictions and limitations. *See Bell v. Wolfish,* 441 U.S. 520, 549-51 (1979). The Court must first determine whether Defendants' policies deprive Plaintiff of the right to express his religion. More specifically, the Court must evaluate the quality of the claims alleged to be religious. *See Wisconsin v. Yoder,* 406 U.S. 205, 215 (1972).

To be protected by the Constitution, the particular religious ritual must be central or indispensable to the inmate's religious observances and must be a conviction shared by an organized group as opposed to a personal preference. *Sequoyah v. T.V.A.,* 620 F.2d 1159, 1164 (6th Cir. 1980). If the tenet is not fundamental, dismissal is appropriate. *See Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). If the belief is found to be a fundamental tenet and Defendants' policy is deemed to place a substantial burden on that tenet, then the Court must determine whether Defendants' policy "is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The RLUIPA, which expands First Amendment protections accorded prisoners with respect to their religious beliefs, specifically states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). If a substantial burden on religion is found, a less deferential standard is applied for a RLUIPA claim than for a First Amendment claim asserted under 42 U.S.C. § 1983. *See Cutter v. Wilkinson*, 544 U.S. 709 (2005). Under RLUIPA, Plaintiff must show a substantial burden on religious practices. *See* 42 U.S.C. § 2000cc-2(b). The term "substantial burden" as used in RLUIPA should be given the same interpretation as the concept of substantial burden on religious exercise in a First Amendment inquiry. *Living Water Church of God v. Charter Twp. Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007).

Because the initial burden is on Plaintiff, he must plead sufficient facts to support his claim. Under Federal Civil Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require detailed factual allegations, but it demands more than an unexplained accusation of harm by Defendants. *Id.* A pleading that offers legal conclusions or a listing of the elements of a cause of action will not meet the basic pleading requirements. *Id.* A complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief plausible on its face. *Id.* To meet this standard, Plaintiff must provide:

> [F]actual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. And while the Court must take all of the factual allegations in the Complaint as true, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id* at 1949-50.

Under this standard, Plaintiff's claim fails because this Court is unable to determine if Defendants are in violation of either the First Amendment or RLUIPA. Plaintiff has not provided any information about Defendants' current policies or practices. He merely mentions a beverage and a snack item made available to inmates which do not conform to the requirements of Halal. There is no indication of the foods he is currently being provided or how those foods violate the tenets of his religion. He sets forth at great length his beliefs and simply concludes by saying Defendants have denied him freedom of religion and violated RLUIPA.

Furthermore, even if the Court accepts as true all of Plaintiff's allegations, he has only established the sincerity of his religious beliefs. That is only one element of his cause of action. There are no allegations pertaining to Defendants' actions or policies. Absent these allegations, the Court cannot reasonably conclude Defendants plausibly placed a substantial burden on Plaintiff's religious practices.

**Equal Protection**

Plaintiff's equal protection claim is similarly flawed. He asserts Defendants provide to Jewish inmates kosher meals that they purchased from an outside vendor. From this, he concludes he was denied equal protection. This is not sufficient to state a claim.

To state an equal protection claim under Section 1983, a plaintiff must allege defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000). As an initial matter, Plaintiff does not allege facts reasonably indicating he received unequal treatment. He merely contends Jewish inmates are given food which does not violate kosher laws. He does not describe the food they are provided nor the food he is provided. Simply put, he does not allege they are receiving a benefit which he is denied.

Moreover, Plaintiff does not allege Defendants had the intent to discriminate against him. Discriminatory purpose implies more awareness of consequences. *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Defendants must select a particular course of action at least in part "because of," not merely "in spite of" its adverse effects upon an identifiable group. *Id.* There are no allegations in the Complaint suggesting Defendants intended to discriminate against Muslim inmates.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                January 25, 2011